# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGIA MOBILE DENTAL, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-269-SDD-RLB** |
| **MARK NAPPER, ET AL.** | |

## ORDER

Before the Court is Defendants' Motion to Quash Subpoena (R. Doc. 31) filed on August 9, 2019. The motion is opposed. (R. Doc. 34). The Court held a telephone conference with the parties with respect to this motion on August 15, 2019. (R. Doc. 35).

The motion concerns a Notice of Deposition and Subpoena Duces Tecum seeking the production of certain documents and deposition testimony from Dr. Louis Lefebvre on August 16, 2019 in Baton Rouge, Louisiana. (R. Doc. 31-3). The scope of documents sought includes correspondence, contracts, marketing communications, and demand letters concerning Defendants' involvement in the mobile dentistry business.

Defendants seek an order quashing the subpoena or otherwise modifying the subpoena to allow Defendants to designate documents and testimony as "confidential information" pursuant to the protective order in this action. (R. Doc. 21). Defendants argue that such an order is required in light of the non-disclosure provision in an agreement entered into between two of the defendants, Care Services Management, LLC and Marquis Health Systems, LLC, and Dr. Louis Lefebvre and Magnolia Dental Service, LLC. (R. Doc. 31-4, "Agreement"). Defendants also assert that the information requested is irrelevant and outside the scope of discovery.

In opposition, Plaintiffs argue that Dr. Lefebvre is a key witness who introduced Plaintiffs to the defendant Mark Napper, served as a conduit for Mr. Napper to solicit new mobile dental businesses across the United States, and operated a mobile dental business similar to the one at issue in this action. (R. Doc. 34 at 1-3).

Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . ., that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."). Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

The Court has reviewed the scope of information sought in the subpoena and has considered the arguments of the parties. The Court finds the information sought falls within the scope of discovery as defined by Rule 26(b)(1). As there has been no objection to the subpoena by Dr. Lefebvre, the Court will not limit the material requested or the scope of inquiry in the deposition as presenting any undue burden. Although the actual responsive materials are not before the Court, and in order to ensure that the deposition proceeds as scheduled, the Court finds good cause to require all deposition testimony and documents to be designated "confidential information" pursuant to the protective order in this action (R. Doc. 21), subject to later challenges in accordance with the protective order. Before any such challenge is made, the parties must first confer regarding the specific documents and/or testimony at issue. Finally, this order shall constitute a "valid order of . . . [a] court of competent jurisdiction" for the purposes of allowing disclosure of the information subject to the subpoena in accordance with the non-disclosure provision of the Agreement. (*See* R. Doc. 31-4 at 6).

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Quash Subpoena (R. Doc. 31) is **GRANTED IN PART and DENIED IN PART** consistent with the body of this Order. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that counsel must immediately provide a copy of this Order to Dr. Louis Lefebvre and his counsel prior to commencement of the deposition.

Signed in Baton Rouge, Louisiana, on August 15, 2019.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**